[No. 19174. Department One. June 1, 1925.]

W. NEARHOFF, *Appellant*, v. THE DEPARTMENT OF PUBLIC WORKS et al., *Respondents*.[1]

COUNTIES (37)—REGULATION OF FERRIES—AUTHORITY TO GRANT LICENSE—STATUTES—CONSTRUCTION. Rem. Comp. Stat., § 5462, providing that the board of county commissioners of any county may grant a franchise to operate a ferry across any lake or stream within its respective county, does not authorize it to grant a franchise for a ferry to operate across waters forming the boundary line with another county.

SAME (37). Rem. Comp. Stat., § 5477, authorizing a county to operate a ferry across boundary line waters, does not authorize the granting of a franchise therefor to any individual.

SAME (37). Rem. Comp. Stat., §§ 5479-5483, providing for the construction and maintenance of ferries by the joint action of two counties, does not authorize a franchise by one county.

SAME (37). Rem. Comp. Stat., § 5470, authorizing county commissioners to fix rates for ferries "now established," has no application to ferries established after the enactment of the law.

FERRIES—REGULATION OF RATES—ORDERS OF DEPARTMENT—JURISDICTION. The state department of public works has jurisdiction to regulate the service and rates of a ferry operating on waters constituting a county boundary line, without a franchise from the proper authorities, where it does not come within any of the provisions of the special act relating to ferries.

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered November 10, 1924, affirming an order of the department of public

[1]Reported in 236 Pac. 288.

works regulating the rates and service of a ferry. Affirmed.

*Lloyd L. Black* and *Floyd Hatfield,* for appellant.

*The Attorney General, H. C. Brodie, Assistant,* and *Phillip D. Macbride,* for respondents.

MAIN, J.—This is an appeal from a judgment of the superior court confirming an order of the department of public works regulating rates and service of a ferry operated over a body of water which forms the boundary line between two counties. The appellant, W. Nearhoff, operates a ferry across Saratoga Passage, between Columbia Beach on Whidby Island in Island county and Mukilteo in Snohomish county, a distance of approximately three miles. Saratoga Passage is an arm of Puget Sound and forms the boundary between these two counties. The appellant operates under a license from Island county alone.

The question is whether the department of public works has jurisdiction to regulate the service and rates of the ferry. It was held in *State ex rel. Allen v. Public Service Commission,* 111 Wash. 294, 190 Pac. 1012, that the public service commission law, ch. 117, Laws of 1911, p. 538, did not repeal the law relative to ferries, title XXXII, Rem. Comp. Stat., § 5462 [P. C. § 2388]. The question in that case was not the same as here. There, while the ferry in question was operating over a stream forming the boundary between two counties, no mention was made of that fact in the briefs or in the opinion. The petitioner's brief in that case states:

"This case presents but a single question, which is one of statutory construction, namely: Whether or not the provisions of sections 4998 to 5011 of the Code, hereinafter referred to as the 'ferry law', have been

repealed or superseded by chapter 117 of the Laws of 1911, known as the 'public service commission law'.''

The general question whether the ferry law was repealed by the subsequent enactment of the public service commission law was the only one presented or considered in that case.

The present case depends upon whether the board of county commissioners of Island county had authority under the statute to grant a license to the appellant to operate a ferry across a body of water which formed the boundary line between that county and another. The right to establish and maintain a public ferry is a franchise which cannot be exercised without the consent of the state. Where the state delegates its authority to an inferior body such as a county or a city, the authority granted to such inferior body to establish ferries must be found within the statute. 25 C. J. 1051 and 1054; *Johnston v. Sacramento County*, 137 Cal. 204, 69 Pac. 962; *State ex rel. Leach v. Olson*, 44 N. D. 367, 176 N. W. 833.

The ferry law must then be examined for the purpose of determining whether the legislature of this state has granted to one county the authority to grant a license to a person to operate a ferry over a body of water which forms the boundary line between the county granting the license and another county. Section 5462, Rem. Comp. Stat., provides:

''The board of county commissioners of any county in this state may grant a license to any person entitled and applying therefor to keep a ferry across any lake or stream within its respective county, upon being satisfied that a ferry is necessary at the point applied for, which license shall continue in force for a term to be fixed by the commissioners not exceeding five years.''

It will be observed that in this statute the board of commissioners of any county is authorized to grant

a license for the operation of a ferry across any "lake or stream within its respective county." There is no authority here for a license over a boundary stream. Section 5477 [P. C. § 2403], provides that any county within the state may construct and operate a ferry upon "any unfordable stream, lake, estuary or bay within or bordering on said county, or across any body of water separating portions of such county or separating such county from other counties, together with all the necessary boats, grounds, roads, approaches and landings necessary or appertaining thereto, with full jurisdiction and authority to operate and maintain the same free or for toll, by and under the direction and control of the board of county commissioners of such county and as said board shall by resolution determine." Here is authority for the board of county commissioners to construct, maintain and operate a ferry under its own direction over a stream which forms the boundary between two counties. But that section does not authorize the board to grant a license to an individual for such purpose.

Sections 5479 to 5483 [P. C. §§ 2404 to 2408], inclusive, provided for the construction, maintenance and operation of ferries by the joint action of the commissioners of two counties. But those sections are not applicable to the present case. Section 5470 ([P. C. § 2396], provides that the county commissioners of the several counties are authorized to fix rates of ferries and collect the same upon "all ferries now established, or hereafter to be established by law, within or bordering upon the county lines of any of the counties in this state." That section became a part of the law long before the ferry in the present case was established and the provision relative to all ferries "now established" is not applicable. The present ferry does not come under the other provision which

authorizes the commissioners to fix rates of ferries which are "hereafter to be established by law," unless the ferry in question is one legally in existence. There being no provision in the law which authorizes one county to grant a license to a private individual to operate a ferry over a body of water which forms the boundary between two counties, the appellant's ferry is not one constructed, maintained and operated under the ferry law.

It follows that, since the appellant's ferry does not come under the act relating to ferries, the department of public works has jurisdiction to regulate its service and rates. There appears to be no contention that were it not for the ferry law, which the court held in *State ex rel. Allen v. Public Service Commission, supra,* to be a special law and therefore not repealed by the subsequent general public service commission law, that ferries would be subject to regulation by the department of public works.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, BRIDGES, and ASKREN, JJ., concur.